*BAUDUC'S SYNDIC vs NICHOLSON ET AL.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A marshal of the United States District Court, in his official capacity, is

not, perhaps, amenable to a state court, and as such, cannot be controlled by it ; but if in that capacity he wrongs a citizen of the state, he is individually answerable, and in her courts.

If the petition charges the defendant with having acted under a pretended admiralty process, a plea to the jurisdiction of the court takes the fact for granted, that the process was a pretended one, and the plea is no answer to the petition.

After the cession of the insolvent's property had been accepted by the Court of the First District, on the 30th of July, 1830 ; and all proceedings against his person and property stayed, a steam-boat which had been surrendered, was seized by Nicholson, Marshall of the United States District Court, at the suit of Victor David, a citizen of the State of Louisiana, and who had been placed on the bilan of the insolvent. The petition stated that this seizure was made under color of a pretended admiralty process, issued on the 6th of August, 1830. That, in contempt of the authority of the State Court, and while the boat was in custody of the law, the marshall had violently taken possession and refused to deliver her up.

The petition concluded with a prayer, that the boat be sequestered, and that Nicholson & David be condemned *in solidum* to the payment of $ 11000 damages, being the value of the boat—and for general relief.—Both defendants excepted to the petition. Nicholson pleaded, that in the exercise of his official duties, under the direction of the Court of the United States, he was not amenable to the jurisdiction of this court—and David declined the jurisdiction of the court, because a court of the State of Louisiana had not the power to enquire into the regularity of the proceedings of a court of the United States, in any matter which might be pending before said court, or to restrain or control this respondent in the exercise of his discretion in appealing to the tribunals of the United States, for such remedies as they may afford him in the prosecution of his rights. The court *a quo* sustained the exceptions, on the

Y

ground that David, having caused a legal judgment to be executed, and Nicholson having acted under a special order from a competent court, could not be deemed trespassers. From this judgment, the plaintiff appealed.

*Seghers*, for appellant, made the following points:

1. When an insolvent debtor files his schedule and petition, praying for a surrender, it is the duty of the judge to accept the cession of all the insolvent's property, for the benefit of his creditors.—2 *Moreau's Dig.* 436.

2. From and after such cession and acceptance, all the property of such insolvent debtor, mentioned in the schedule, is justly vested in his creditors, and is not liable to be seized, attached, taken, or levied on.—2 *Moreau's Dig.* 437.

3. From that moment, the said property is in the custody of the law, under the authority of the State and its courts wherein the suit is pending—and, therefore, any subsequent seizure of the said property is a trespass, for which the trespassers are liable in damages to the creditors.

*Slidell*, for appellees.

*Porter, J.* delivered the opinion of the court.

The petition states, that on the 30th of July, 1830, Theodore Bauduc filed his petition for a surrender of his property to his creditors : and that, on the same day, the surrender was accepted for their benefit, by the judge.

That among the property so surrendered was the steamboat Florida, and that among the creditors was one Victor David, a citizen of this State, residing in New-Orleans.

That the decree of the District Court, accepting the surrender, staying the proceedings, and calling a meeting, was published the day following in the newspapers the *Courier de la Louisiane* and *l'Abeille.*

That notwithstanding these premises, and in contempt of the authority of the court, while the said steam-boat was in the custody of the law, Nicholson, Marshal of the United

States Court, for the eastern district, under colour of a *Eastern District February* 1831. pretended admiralty process, issued on the 6th instant, from said court, at the suit of Victor David, did seize and take BAUDUC'S SYNDIC *vs.* NICHOLSON & AL. into possession the steam-boat Florida, and though often requested, refuses and declines to deliver her up to the petitioners.

It concludes by averring that, in consequence of those illegal proceedings, the creditors of the estate have suffered damages to the amount of eleven thousand dollars.

To this petition, exceptions were separately filed by the defendants.

Nicholson pleaded, " That in the exercise of his official duties, under the directions of the Court of the United States, he is not amenable to the jurisdiction of this court:" and David declined the jurisdiction, " Because a court of the State of Louisiana has not the power to enquire into the regularity of the proceedings of a court of the United States, in any matter which may be pending before said court, or to restrain and controul the respondent in the exercise of his discretion in appealing to the tribunals of the United States, for such remedies as they may afford him in the prosecution of his rights."

Several delicate and interesting questions have been argued, which the pleadings just recited do not present.

The exceptions do not meet the case set out in the petition. The plaintiffs claim damages for an act done, which they allege to be illegal, and Nicholson answers that in the exercise of his official duties, he is not amenable to the State Court. He is not perhaps amenable to the State Court, in his official capacity, as marshal, and, as such, cannot be controuled by it ; but if in that capacity, he wrongs a citizen of the State, he is individually answerable, and in her courts. The petition does not state the cause is pending in the United States Court.

*A marshal of the United States District Court, in his official capacity, is not, perhaps, amenable to a state court, and as such, cannot be controlled by it; but if in that capacity he wrongs a citizen of the state, he is individually answerable, end in her courts.*

The plea of the other defendant, David, we consider

equally defective.   He declines the jurisdiction of the district judge, because the court of the State of Louisiana has not the power to enquire into the regularity of the proceedings of a court of the United States, in any matter which may be pending before said court.   And he further states, that the State Court cannot control the respondent in the exercise of his discretion, in appealing to the tribunals of the United States for such remedies as they may afford him in the prosecution of his rights.

The petition does not allege any cause to be pending in the United States Court, or that any cause had been commenced there.   It charges the defendant with having acted under a pretended admiralty process ; and an exception takes the fact as true.   The plea is, therefore, no answer to the petition.   The question raised by the latter part of the exception, as it does not grow out of, nor refer to, allegations made by the plaintiffs, can be viewed in no other light but an abstract proposition, to which we can give no answer.

*If the petition charges the defendant with having acted under a pretended admiralty process, a plea to the jurisdiction of the court takes the fact for granted, that the process was a pretended one, and the plea is no answer to the petition.*

It was observed at the bar, that there was an apparent contradiction in the petition charging that a *pretended* admiralty process had *issued* from the court.   This may be true, but still it is difficult to perceive how, under any idea which can be gathered from such an allegation, the State Courts are debarred from an enquiry into the complaint of one of our citizens, who avers injury by the proceeding.   If the process issued improperly, where the suit was not one in *rem,* an enquiry may be made, whether it was legal or not.   If it was not one in *rem,* and· the defendants pretended it was, there is less ground for presenting it as a bar to all investigation—and if the whole was fictitious, and pretended, there is no reason whatever, for giving it such an effect.   Certain we are, that such an averment is far from embracing all these matters, on which jurisdiction can be denied to the State Courts.   The pleadings, on either side, are not sufficiently clear and explicit, to enable us to pronounce

satisfactorily on a cause involving questions of such magni- <span>Eastern District.<br>*February* 1831.</span>
tude. In remanding the case, we are desirous it should be
understood, that we have not formed any opinion on the <span>BAUDUC'S SYN-<br>DIC *vs.*</span>
points discussed; we merely think that the exceptions on re- <span>NICHOLSON & AL</span>
cord, taken in reference to the petition, offer no bar to the
plaintiff's demand.

And it is, therefore, ordered, adjudged and decreed, that
the judgment of the District Court be avoided and reversed:
that the exceptions filed in this cause be overruled, and the
cause remanded for further proceedings—the appellee pay-
ing the costs of this appeal.